IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:25CR-67-MOC-WCM |
| | ) | |
| v. | ) | BILL OF INFORMATION |
| | ) | |
| JASON NATHANIEL SPEIER | ) | 18 U.S.C. § 1343 (Wire Fraud) |
| | ) | |
| | ) | |

**THE UNITED STATES ATTORNEY CHARGES:**

*Background Information*

1. From on or about November 18, 2022, through on or about November 14, 2023, **JASON NATHANIEL SPEIER** was the sole owner and President of K.I. Enterprises, Inc., doing business as "Kabens." Kabens was an unlicensed log cabin home builder in the Western District of North Carolina and elsewhere.

2. **SPEIER** held his business out as a general contracting company, and he contracted with customers to build European-sourced log cabin kits into turnkey residences. Neither **SPEIER** nor his company was a general contractor, and he did not have a source of supply for European log cabin kits during this period of time. **SPEIER** and Kabens lacked the means, ability, and intent to perform the construction services he promised in the contracts he made with his customers.

*The Scheme*

3. **SPEIER** made material misrepresentations to his potential customers and his customers to induce and motivate them to make deposits to him through his company. These misrepresentations included, but were not limited to, that:

    a. Kabens had built many cabins to completion with satisfied customers who provided references and favorable reviews;

    b. Through Kabens, **SPEIER** provided the customer with a licensed general contractor;

    c. Through Kabens, **SPEIER** sourced log cabin kits from a European supplier;

    d. **SPEIER** would use the deposits provided by a customer to order building

1

materials, such as a log cabin kit, for the customer who provided the deposit;

    e. **SPEIER** intended to build a customer's cabin quickly and in keeping with timelines stated to the customer;

    f. **SPEIER** through Kabens would build the customer's contracted cabin.

4. **SPEIER** did not build the cabins he contracted to build.

## COUNT ONE
(Wire Fraud)

5. This count incorporates paragraphs 1 through 4, and further alleges that:

6. From on or about November 18, 2022, to on or about November 14, 2023, in Buncombe County, within the Western District of North Carolina and elsewhere, the defendant,

### JASON NATHANIEL SPEIER

with the intent to defraud, did knowingly and intentionally devise the above-described scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, representations, and promises.

### Act In Execution of the Scheme

7. On or about September 19, 2023, in Buncombe County, within the Western District Of North Carolina, for the purpose of executing such scheme and artifice to defraud,

### JASON NATHANIEL SPEIER

did knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce any writing, signal, picture, and sound, *to wit*, a wire transfer originating from customer J.S. to be deposited in the First National Bank of Pennsylvania business checking account with account number ending in 6143, an account held and controlled by **SPEIER**.

    All in violation of Title 18, United States Code, Section 1343.

2

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

   a. All property which constitutes or is derived from proceeds of the violations set forth in Count One of this Bill of Information;

   b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

The following property is subject to forfeiture on one or more of the grounds stated above:

   a. A forfeiture money judgment in the amount of at least approximately $2,436,072.25, such amount constituting the proceeds of the violation set forth in Count One of this Bill of Information.


RUSS FERGUSON
UNITED STATES ATTORNEY

*/s/ David A. Thorneloe*

DAVID A. THORNELOE
ASSISTANT UNITED STATES ATTORNEY

3